IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AUGUST RESOURCE FUNDING, LLC,

Plaintiff,

v.                                                                                          ORDER

PROCORP, LLC and                                                                    18-cv-1011-jdp
TIMOTHY ERIK SCHULTZ,

Defendants.

---

Plaintiff August Resource Funding, LLC, filed this case in the Circuit Court for Rock County, Wisconsin, asserting state-law claims for breach of contract and replevin. Dkt. 1. Defendants removed the case to federal court. Dkt. 1. Because the notice of removal does not show that the court can exercise jurisdiction over the case, the court will give defendants an opportunity to file supplemental materials to cure the deficiencies. If they fail to do so, the court will remand the case to state court.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Defendants rely solely on diversity under 28 U.S.C. § 1332 as a basis for jurisdiction. August Resource is a Wisconsin corporation with its principle place of business in Wisconsin, *id.*, ¶ 1, so the court can determine that August Resource is a citizen of Wisconsin. *See* 28 U.S.C. § 1332(c) (a corporation is a citizen of its state of incorporation and the state where it has its principal place of business). But defendants have not provided facts that would permit the court to determine the citizenship of either defendant.

Defendants say that Procorp, LLC, is a limited liability company with its principal place of business in Taylor, Michigan. Dkt. 1, ¶ 6. These facts are insufficient to determine Procorp's citizenship. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). And if any of those members are themselves limited liability companies, partnerships, or other similar entities, then the citizenship of those members and partners must be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam). Defendants say that Procorp is "owned" by Timothy Schultz, Dkt. 1, ¶ 6, but they do not explain whether Schultz is its sole member.

Likewise, defendants say that Schultz is a resident of Taylor, Michigan. Dkt. 1, ¶ 6. But residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile, which is where the party intends to live long term. *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014); *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012).

The court will give defendants an opportunity to provide the facts necessary to determine the citizenship of Procorp and Schultz. If they fail to do so, the court will remand the case to state court.

ORDER

IT IS ORDERED that defendants may have until July 29, 2019, to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction

Entered July 15, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge