IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AUGUST RESOURCE FUNDING, INC.,

                Plaintiff,

v.                                                                          ORDER

PROCORP, LLC, and                                           18-cv-1011-jdp
TIMOTHY ERIK SCHULTZ,

                Defendants.

---

Plaintiff August Resource Funding, Inc., brings this suit against defendants Procorp, LLC, and Timothy Schultz for breach of contract and replevin. Dkt. 1-1. August Resource says that it provided funding and administrative services for defendants' temporary employment agency, but defendants defaulted on their debt. August Resource says that defendants breached three different contracts between the parties.

Defendants say that August Resource is bound by an arbitration clause found in the initial contract executed by the parties. They move to dismiss the case or, in the alternative, compel arbitration. Dkt. 9. The court will deny the motion because the arbitration clause was superseded by subsequent documents executed by the parties.

JURISDICTION

In its previous order, the court asked defendants to file supplemental materials showing that the court can exercise diversity jurisdiction under 28 U.S.C. § 1332, Dkt. 16. Defendants have now submitted materials showing the both defendant Timothy Schultz and defendant Procorp, LLC, are citizens of Michigan. Dkt. 17. Because August Resource is a citizen of

Wisconsin, and the amount in controversy exceeds $75,000, the court is satisfied that complete diversity exists and that it may exercise jurisdiction under § 1332.

BACKGROUND

Defendants refer to their motion as a motion to dismiss under Rule 12(b)(6) for failure to state a claim or, in the alternative, to compel arbitration. But a motion to dismiss based on a contractual arbitration clause is appropriately brought as an objection to venue under Rule 12(b)(3), not under Rule 12(b)(6). *See Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 807–08 (7th Cir. 2011). When ruling on a motion to dismiss for improper venue, the court may consider the allegations in the complaint as well as evidence submitted in support of the motion. *See Continental Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). The court accepts as true any allegations in the complaint that are not contradicted by other evidence, and it resolves all factual disputes and draws all reasonable inferences in the plaintiff's favor. *Faulkenberg,* 637 F.3d at 806. Here, the relevant facts are undisputed.

Defendants operate a temporary employment agency and August Resource is a company that provides funding and administrative services for temporary employment agencies. On February 8, 2017, the parties entered into an agreement for August to provide defendants with payroll services and interim funding for defendants' payroll obligations to its employees. Dkt. 10-1. In return, defendants agreed to compensate August Resource with proceeds it received from its clients. The agreement contained an arbitration clause:

> 14) <u>ARBITRATION.</u> Any controversy arising out of this Agreement or any amendment thereof now or in the future, including any claim for damages or rescission or both, which cannot be resolved between the parties, shall be settled by arbitration. All arbitration shall be conducted in accordance with the rules of the American Arbitration Association.

2

*Id.*, ¶ 14. In addition to the arbitration clause, the agreement also contained a venue clause that stated that "any litigation or proceeding arising out of, in connection with, or relating to this Agreement, shall be instituted in the Circuit Court of Rock County, Wisconsin." *Id.*, ¶ 15.

Five days later, defendants executed a promissory note for an original principal balance of $4.9 million. The parties also executed two additional documents. First, a security agreement that granted August Resource an interest in defendants' assets as collateral for payment of the principal balance. Dkt. 12-2. Second, a continuing guaranty in which Procorp, and its sole owner-member Schultz, agreed to be held jointly and severally liable for all debts owed to August Resource. Dkt. 12-3.

Neither the security agreement nor the guaranty contained an arbitration clause, but both contained updated forum-selection clauses. The security agreement states that "[a]ll actions arising directly or indirectly in connection with, out of, related to or from this Security Agreement must be litigated in courts within the State of Wisconsin." Dkt. 12-2, ¶ 16. The guaranty also states that "all actions or proceedings arising directly or indirectly in connection with, out of, or related to or from this Guaranty must be litigated in courts within the State of Wisconsin." Dkt. 12-3, ¶ 5. But the next sentence of the guaranty's forum-selection clause contradicts the rest of the clause: "[a]ny litigation under this agreement shall be resolved in the trial courts of Winnebago County, Illinois." *Id*.

Defendants defaulted on their payments, and August Resource filed suit in the Circuit Court of Rock County to collect the debt. Dkt. 1-1. Defendants removed the case to this court. Dkt. 1.

ANALYSIS

Under the Federal Arbitration Act, the court will compel arbitration if (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) plaintiff has refused to proceed to arbitration on that agreement. *See Zurich Am. Ins. Co. v. Watts Indus.*, 466 F.3d 577, 580 (7th Cir. 2006); *Sharif v. Wellnes Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004). In this case, the parties dispute whether a valid arbitration clause exists.

To determine whether an arbitration agreement is enforceable, the court looks to the state law that governs contract formation, *Koveleskie v. SBC Capital Mkts., Inc.*, 167 F.3d 361, 367 (7th Cir. 1999), which in this case is Wisconsin. When a contract includes an arbitration clause, Wisconsin courts recognize a "strong presumption" in favor of arbitration. *First Weber Grp., Inc. v. Synergy Real Estate Grp., LLC*, 2015 WI 34, ¶ 25, 361 Wis. 2d 496, 860 N.W.2d 498. But when multiple agreements exist between the parties, and the latter agreements supersede the earlier agreement's arbitration clause, the "principles of freedom to contract" allow the parties to set aside their previous agreement and subsequently contract for a different forum of dispute resolution. *Midwest Neurosciences Assocs., LLC v. Great Lakes Neurosurgical Assocs., LLC*, 2018 WI 112, ¶ 89, 384 Wis. 2d 669, 920 N.W.2d 767. A guaranty is a contract subject to the same rules of construction as other contracts. *Harris v. Metro. Mall*, 112 Wis. 2d 487, 334 N.W.2d 519, 527 (1983).

In this case, the original agreement would compel arbitration if it were the only contract between the parties. The agreement includes both an arbitration clause and a forum-selection clause, but there is no reason why a contract cannot both compel arbitration and select a forum for related litigation. *Cf. Haber v. Biomet, Inc.*, 578 F.3d 553, 558 (7th Cir. 2009) (an arbitration

clause may include a forum selection clause, in which case only the district court in that forum may issue an order compelling arbitration). The venue clause in the agreement selects a forum for litigation, but it does not require litigation. *See* Dkt. 110-1, ¶ 15 ("any litigation or proceeding arising out of, in connection with, or relating to this Agreement, shall be instituted in the Circuit Court of Rock County, Wisconsin."). So the arbitration clause dictates the method of resolving disputes, and the forum-selection clause kicks in only if related litigation occurs (for example, in a suit to compel arbitration).

But unlike the original agreement, the security agreement and guaranty both mandate litigation of any disputes related to those documents. They say that any action related to the documents "*must* be litigated in courts within the State of Wisconsin." Dkt. 12-2, ¶ 16 and 12-3, ¶ 5. (emphasis added). Because these forum-selection clauses directly contradict the terms of the arbitration clause, and because these documents were executed subsequent to the original agreement, the updated forum-selection clauses supplant the arbitration clause.

Defendants do not dispute that August Resource's claims fall within the scope of the security agreement's and guaranty's updated forum-selection clauses. But they argue that these documents are not subsequent amendments, but rather part of the same original agreement. They say that all three documents may have been signed concurrently, and they cite *DeWitt Ross & Stevens, S.C. v. Galaxy Gaming & Racing Ltd. P'ship*, 2003 WI App 190, ¶ 16, 267 Wis. 2d 233, 670 N.W.2d 74, *aff'd in part, rev'd in part*, 2004 WI 92, ¶ 16, 273 Wis. 2d 577, 682 N.W.2d 839, for the proposition that instruments executed at the same time between the same parties should be construed as a single document. Defendants argue that if all three documents compose a single, contemporaneous agreement, the court should either (1) construe the forum-selection clauses so as not to contradict the arbitration clause or (2) construe the

arbitration clause as controlling over the forum-selection clauses. *See Jones v. Jenkins*, 88 Wis. 2d 712, 277 N.W.2d 815, 819 (1979) ("If possible, contradictory statements in a contract must be harmonized, but where it is impossible to give meaning to both parts the court must determine which is to be given effect."); *DeWitt*, 2003 WI App 190, ¶ 22 (any ambiguity should be construed against the drafter).

But the documents at issue in *DeWitt* were physically attached to each other and presented from one party to the other as a single document. *Id.*, ¶ 17. In contrast, defendants have not provided any evidence that the three documents in this case were all executed at the same time as part of the same transaction. The guaranty and security agreement were dated five days after the original agreement, and there is no evidence contradicting August Resource's allegations that the guaranty and security agreement were executed subsequent to the original agreement. Drawing all reasonable inferences in the plaintiff's favor, the parties negotiated the terms of the guaranty and security agreement after they executed the original agreement, and they intended to amend their contract with the updated forum-selection clauses.

One final matter: the forum-selection clause in the guaranty says both that the parties must litigate their disputes in the state courts of Wisconsin, and that any litigation arising out of the guaranty must be litigated in the courts of Winnebago County, Illinois. Dkt. 12-3, ¶ 5. These statements are contradictory, but regardless of what the parties intended when drafting the document—whether to litigate in Wisconsin or Illinois—neither statement elicits an intent to arbitrate. Even if the parties intended to litigate in Illinois, the case may proceed in this court because defendants have not moved to transfer this case to Illinois. *See Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 887 (7th Cir. 2004) (objections to venue may be waived).

6

ORDER

IT IS ORDERED that defendants' motion to dismiss or compel arbitration, Dkt. 9, is DENIED.

Entered August 9, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge