IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AUGUST RESOURCE FUNDING, INC.,

                              Plaintiff,

   v.                                                OPINION and ORDER

PROCORP, LLC and TIMOTHY ERIK SCHULTZ,             18-cv-1011-jdp

                              Defendants.

---

Plaintiff August Resource Funding, Inc. provided payroll funding and administrative services to defendant Procorp, LLC, a temporary employment agency. Defendant Timothy Erik Schultz, Procorp's owner and chief executive, guaranteed Procorp's obligations to August Resource Funding. Procorp failed to pay what it owed, so August Resource Funding sued Procorp and Schulz in state court. Defendants removed the suit to this court. Dkt. 1.

August Resource Funding moves for summary judgment, seeking amounts owed under the parties' contracts and a judgment of replevin against the accounts that defendants put up as security. Dkt. 23. Defendants concede that Procorp didn't pay what it owed, but they contend that Procorp didn't have to pay because August Resource Funding breached the express terms of the contract and the implied duty of good faith and fair dealing. Defendants also contend that the amount of damages is disputed.

Procorp's breach is undisputed, and defendants' defenses fail for reasons explained below. August Resource Funding is entitled to summary judgment on the merits of its claim for breach of contract and on the amount of damages. But August Resource Funding hasn't specifically identified the property subject to replevin, so the court will leave that remedy for August Resource Funding to pursue post-judgment.

UNDISPUTED FACTS

The following facts are undisputed except where noted.

Plaintiff August Resource Funding, Inc. provides funding and administrative services to temporary staffing agencies, such as defendant Procorp, LLC. Procorp's sole member and chief executive is defendant Timothy Erik Schultz.

In early 2017, August Resource Funding entered a contract with Procorp to fund Procorp's payroll and to provide administrative services. Dkt. 12-1. Under the main agreement, the Accounts Funding Agreement, August Resource Funding collected weekly payments from Procorp's customers, withheld the amount that Procorp owed to August Resource Funding, and sent the rest to Procorp. The parties also entered several related agreements, including a security agreement that gave August Resource Funding a security interest in defendants' accounts as collateral for the funding and services to be provided by August Resource Funding. Dkt. 12-2. Schultz personally guaranteed all Procorp's obligations to August Resource Funding. Dkt. 12-3.

Shortly after the parties entered the agreement, August Resource Funding increased its financing with Rockford Bank and Trust Company. To support the increased financing, August Resource Funding granted Rockford Bank a security interest in some of the related agreements with Procorp and Schultz (though not in the Accounts Funding Agreement itself). Dkt. 38-1.

Procorp provided temporary employees to Tricon Security Group, LLC using August Resource Funding's funding and services. In 2018, Tricon began providing services to Caliber Auto Transfer of Detroit using labor provided by Procorp. (Neither Tricon nor Caliber is a party to this lawsuit.) The trouble that led to this suit came in June 2018, when Caliber fell behind on its payments to Tricon. This caused Tricon to fall behind on its payments for

Procorp labor, and Procorp failed to pay all it owed to August Resource Funding. August Resource Funding stopped funding Procorp in August 2018, and Procorp ceased operations a few months later.

August Resource Funding says that Procorp's unpaid invoices total about $4.2 million, plus interest as provided in the parties' contracts. Defendants contend that the amount owed is disputed.

ANALYSIS

August Resource Funding brings two claims against defendants—one for damages for breach of contract, the other for replevin of the accounts with which defendants secured their obligations to August Resource Funding. This court has jurisdiction over the case under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy is more than $75,000. The contract says that it is governed by Wisconsin law, Dkt. 6-1, at 4, and the parties rely on Wisconsin law, so the court will do the same.

August Resource Funding is entitled to summary judgment on these claims if it shows that the material facts are not in dispute and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Defendants concede that Procorp failed to pay all amounts owed, but they contend that summary judgment is not warranted for three reasons: (1) August Resource Funding materially breached the contract by assigning its security interest in defendants' accounts to Rockford Bank; (2) August Resource Funding breached its implicit duty of good faith and fair dealing; and (3) August Resource Funding's damages are disputed.

**A. Alleged breach by August Resource Funding**

Defendants contend that they are excused from their obligations under the contract because August Resource Funding breached the contract by assigning an interest in their agreements to Rockford Bank. Defendants would be excused from performance under the contract only if August Resource Funding breached the parties' contract and the breach was material. A breach is material in this sense only if it destroyed "the essential objects of the contract." *Mgmt. Comp. Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 557 N.W.2d 67, 77 (1996).

So the first question is whether August Resource Funding breached the agreement. Defendants say that August Resource Funding breached two provisions of the Accounts Funding Agreement by assigning an interest in defendants' accounts to Rockford Bank. The first provision states:

> Agency [Procorp] hereby represents to Vendor [August Resource Funding] that, except for the security interest created thereby and granted in favor of Vendor, and, so long as any obligation is owed to Vendor, Agency will be, the sole owner of the Accounts Receivable, free from any claim, lien, security interest, or encumbrance.

Dkt. 6-1, at 1. This provision prevents Procorp, not August Resource Funding, from assigning any security interest in the accounts receivable. This provision provides no help to defendants.

The second provision relied on by defendants is the non-assignment provision of the Accounts Funding Agreement. It applies equally to both parties. It provides:

> NONASSIGNABILITY. This Agreement shall be binding upon the successors of Vendor and Agency, but is personal to and shall not be assigned by either party without the express written consent of either party, both of which will not unreasonably withhold this consent (and will not receive any compensation for such consent) to an assignment to a reputable, competent, qualified, financially stable entity.

4

*Id.* at 5. August Resource Funding did not assign any interest in the Accounts Funding Agreement itself to Rockford Bank. August Resource Funding granted Rockford Bank a security interest in some of the related contracts, including the security agreement and Schultz's continuing guaranty. Dkt. 38-1, at 4. The main Accounts Funding Agreement incorporates the security agreement by providing that the security agreement "is attached to and made a part of this Agreement." Dkt. 6-1, at 1. The parties don't discuss this in depth, but the most natural interpretation of the non-assignment provision is that it bars either side from assigning the main Accounts Funding Agreement to another company. August Resource Funding did not actually "assign" any accounts or agreements to the bank; it granted a security interest. It would be a stretch to consider the non-assignment provision to prevent August Resource Funding from using the security agreement and the guaranty to secure the additional financing needed to fund Procorp's increasing payroll. After all, funding that payroll was the core purpose of the agreement.

But even if August Resource Funding had breached the non-assignment provision by granting a security interest to Rockford Bank without getting Procorp's prior consent, the question remains whether that breach was a material one, such that Procorp was excused from paying what it owed. Defendants argue that the breach was material because Rockford Bank pressured August Resource Funding to terminate its agreement with Procorp. Defendants point to deposition testimony from August Resource Funding's president that Rockford Bank pressured him to recover the money that Procorp owed. Defendants say that the testimony shows that Rockford Bank "exerted its influence over August's course of dealing with Procorp" and "was the driving force behind August's decision" to terminate its agreement with Procorp. Dkt. 33, at 15.

5

The argument fails. Defendants offer only speculation that it was pressure from Rockford Bank that motivated August Resource Funding's decision to stop funding Procorp. August Resource Funding was advancing money to Procorp, which Procorp wasn't paying, so August Resource Funding had its own motive to cut off the advances to Procorp. And even if pressure from Rockford Bank factored into August Resource Funding's decision, defendants have no evidence that the pressure was caused by August Resource Funding's assignment of a security interest to Rockford Bank. Even without the security interest, August Resource Funding owed the bank, and the bank would have been motivated to pressure August Resource Funding to stop the losses from the Procorp business regardless of any security that Procorp had provided to August Resource Funding, or that August Resource Funding had provided to the bank.

August Resource Funding needed cash to fund Procorp's payroll, which was August Resource Funding's primary obligation under the Accounts Funding Agreement. The source of at least some of that cash was Rockford Bank. Assigning a security interest in the collateral to Rockford Bank helped August Resource Funding get the cash it needed to meet its obligations to Procorp. Assigning an interest in the Procorp agreements did not destroy the essential objects of the contract; to the contrary. Such a breach, if there were any, was not a material breech that would excuse Procorp from its obligation to pay what it owed to August Resource Funding.

## B.  Alleged breach of duty of good faith and fair dealing

Defendants also contend that August Resource Funding breached the duty of good faith and fair dealing that is implicit under Wisconsin law in every contract, *Marshall & Ilsley Bank v. Schlueter*, 2002 WI App 313, ¶ 15, 258 Wis. 2d 865, 655 N.W.2d 521. Schultz says in a declaration that based on his conversations with August Resource Funding's president about

6

Tricon's difficulties, he "believed that . . . August Resource Funding understood the situation with Tricon and Caliber, and was not considering termination of the Agreement." Dkt. 34, ¶ 9. On the basis of this assumption, Schultz says, defendants continued to provide labor to Tricon despite Tricon's inability to make its full payments, and the parties agreed to increase the funding that August Resource Funding provided to defendants, thereby increasing defendants' debt to August Resource Funding. Defendants say that they made a partial payment of their debt to August Resource Funding of $435,000 in July 2018, which August Resource Funding accepted shortly before it unilaterally terminated the parties' agreement and stopped providing funding to defendants. They say that August Resource Funding materially breached its duty of good faith and fair dealing by terminating the agreement then because it prevented defendants from meeting their payroll obligations and caused them to cease operations.

      The problem with defendants' argument is that a party cannot violate the duty of good faith and fair dealing by taking an act that is specifically authorized by the parties' agreement. *Super Valu Stores, Inc. v. D-Mart Food Stores, Inc.*, 146 Wis. 2d 568, 431 N.W.2d 721, 726 (Ct. App. 1988). A party cannot rely on the implied duty of good faith and fair dealing "to undo express terms of an agreement." *Beidel v. Sideline Software, Inc.*, 2013 WI 56, ¶ 29, 348 Wis. 2d 360, 842 N.W.2d 240. Section 8.2 of the contract allows August Resource Funding to terminate the agreement without "any notice or reason of termination and opportunity to cure" if any of the events described in sections 7.b through 7.k occur. Dkt. 6-1, at 4. One of those events is if defendants "fail to comply with any provision of the Security Agreement." *Id.* at 3. And section 8.a of the security agreement provides that "[a]ny failure of [defendants] to pay when due any obligations secured by this Agreement shall constitute a default." Dkt. 12-2, at 3. Defendants' argument that August Resource Funding's termination is somehow unfair

7

doesn't change the fact that August Resource Funding was entitled to terminate the agreement as soon as defendants missed a payment. Because August Resource Funding's actions were authorized by the contract, August Resource Funding did not violate the implied duty of good faith and fair dealing by terminating the agreement as it did.

## C. Purported dispute over damages

August Resource Funding has submitted a spreadsheet in support of its damages. Dkt. 29-1. It lists a series of invoices dated between June 1 and August 24, 2018. According to the spreadsheet, as of November 5, 2018, defendants owed a total of $4,244,453.86, plus an additional $253,807.82 in interest. The spreadsheet is supported by a declaration from August Resource Funding's president, Michael T. Loven, who says that the spreadsheet "set[s] forth the full list of [defendants'] unpaid invoices" and that the balance continues to accrue contractual interest at a rate of $2,093.15 per day.[1] Dkt. 29, ¶¶ 8 and 10.

Defendants say that August Resource Funding's damages are materially disputed for two reasons: (1) August Resource Funding's spreadsheet may be inaccurate; and (2) August Resource Funding may have failed to mitigate its damages.

As for the first argument, defendants have no evidence to dispute the accuracy of August Resource Funding's spreadsheets. Defendants cite Loven's deposition, in which he testified that he hadn't verified the calculations on the spreadsheet just before signing his affidavit. But Loven also testified that he and his staff verified the information when he created the spreadsheet, Dkt. 39 (Loven Dep. 18:8–13), and defendants identify no reason that Loven

---

[1] Loven says in his declaration that defendants owed $253,607.80 in interest as of November 5, 2018, which is $200.02 less than the amount shown on the spreadsheet. The parties do not address this discrepancy, but August Resource Funding cites the lower figure in its amended complaint, Dkt. 6, ¶ 8, and in its proposed facts, Dkt. 25, ¶ 17.

couldn't rely on his prior verification when he signed his affidavit. Defendants also object that the spreadsheet isn't accompanied by supporting documentation, such as copies of invoices and payments. And they say that the spreadsheet doesn't reflect payments that Procorp and Tricon made between June 1 and August 24. But Loven testified that he had copies of the underlying invoices and payments on which the spreadsheet was based. *Id.* at 21:1–8. And he explained that the payments he received during the period shown on the spreadsheet were for earlier invoices that weren't reflected on the spreadsheet. *Id.* at 25:5–13. If defendants questioned August Resource Funding's calculation of its damages, they were free to seek the information on which those calculations were based through discovery. But they have adduced no evidence to cast doubt on the spreadsheet calculations. They offer only their speculation that these amounts may be incorrect, which is not enough to defeat a supported motion for summary judgment. *Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 805–06 (7th Cir. 2014).

Defendants' second damages argument is that August Resource Funding failed to mitigate its damages. They say that because August Resource Funding didn't terminate the agreement as soon as it could have—when Procorp missed its first payment—defendants incurred additional debt to August Resource Funding that could have been mitigated. They also suggest that if August Resource Funding had continued to fund Procorp instead of terminating the agreement when it did, Procorp may have been able to continue operations and repay more of its debts to August Resource Funding.

August Resource Funding, like all contracting parties, had a duty to mitigate its damages. *Kramer v. Bd. of Educ. of the Sch. Dist. of the Menomonie Area*, 2001 WI App 244, ¶ 13, 248 Wis. 2d 333, 635 N.W.2d 857. But that duty didn't require August Resource Funding to

9

choose every option that, with the clarity of hindsight, would have led to lower damages. Rather, August Resource Funding had a duty "to use reasonable means under the circumstances to avoid or minimize [its] damages." *Id.* (quoting *Kuhlman, Inc. v. G. Heileman Brewing Co.*, 83 Wis. 2d 749, 266 N.W.2d 382, 384 (1978)). Defendants have the burden of proof to show that August Resource Funding could have mitigated its damages. *Kuhlman*, 266 N.W.2d at 384.

Defendants' arguments contradict one another—defendants first say that August Resource Funding should have mitigated its damages by terminating the agreement earlier than it did, then they suggest that August Resource Funding should have mitigated its damages by continuing to fund Procorp. In either case, defendants have adduced no evidence that August Resource Funding made any unreasonable choices under the circumstances. Defendants offer only speculation that August Resource Funding could have mitigated its damages by making different choices. Again, speculation is not enough to avoid summary judgment on an issue that the other side has supported with evidence. *Herzog*, 742 F.3d at 805–06.

CONCLUSION

Defendants failed to meet their obligations under their contract with August Resource Funding. Their failure to perform wasn't excused by August Resource Funding's granting a security interest to Rockford Bank, and August Resource Funding did not breach the implied duty of good faith and fair dealing. Nor have defendants identified any genuine dispute of material fact about the damages incurred by August Resource Funding. So the court will grant summary judgment to August Resource Funding and enter judgment on its claim for breach of contract in the amount requested.

Under Federal Rule of Civil Procedure 64, replevin is generally governed by the law of the forum state. Wisconsin law requires that a plaintiff particularly describe the claimed property. Wis. Stat. § 810.02(1). August Resource Funding's amended complaint seeks replevin of "all accounts receivable of Procorp and Schultz," but August Resource Funding has not identified any specific accounts that would be subject to replevin. So the court will decline to enter a judgment of replevin. August Resource Funding may seek an order of replevin as a post-judgment remedy in the appropriate court.

ORDER

IT IS ORDERED that:

1. Plaintiff August Resource Funding, Inc.'s motion for summary judgment, Dkt. 23, is GRANTED.

2. The clerk of court is to enter judgment in the amount of $4,244,453.86, plus interest of $1,635,086.80 as of August 26, 2020, and close this case.

Entered August 26, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge